**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000852**
**26-FEB-2020**
**08:34 AM**

NO. CAAP-17-0000852

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Planitiff-Appellee, v.
BRANDON J. OANIA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 16-1-0163(1))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Brandon J. Oania (Oania) appeals from the November 15, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Oania of Arson in the First Degree, Hawaii Revised Statutes (HRS) § 708-8251(1)(b) (2014).[2]

---

[1] The Honorable Rhonda I.L. Loo presided.

[2] HRS § 708-8251 provides,

(1) A person commits the offense of arson in the first degree if the person intentionally or knowingly sets fire to or causes to be burned property and:

    (a)    Knowingly places another person in danger of death or bodily injury; or

    (b)    Knowingly or recklessly damages the property of another, without the other's consent, in an amount exceeding $20,000.

    (2)    Arson in the first degree is a class A felony.

On appeal, Oania contends that (1) the jury should have received an instruction on causation of damage and, therefore, on the lesser-included crime of Arson in the Second Degree, HRS § 708-8252 (2014), which has a lower damage threshold amount;[3] (2) the judge should have, sua sponte, held a competency hearing for Oania's father, who testified for the State; (3) the State committed prosecutorial misconduct by editorializing questioning and leading its witness on direct and re-direct examination, as well as mischaracterizing a witness's statement during closing argument; and (4) Oania's counsel provided ineffective assistance by failing to challenge Oania's father's competency to testify and request mental health records from the prosecution.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Oania's appeal as follows:

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. However, error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.
>
> > . . . . Once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, i.e., that the erroneous jury instruction was not harmless beyond a reasonable doubt.

---

[3] HRS § 708-8252 is identical to HRS § 708-8251, except the damage amount need only exceed $1,500, and violation is a class B felony.

State v. Pond, 118 Hawai'i 452, 461-62, 193 P.3d 368, 377-78 (2008) (brackets omitted) (quoting State v. Nichols, 111 Hawai'i 327, 335, 337, 141 P.3d 974, 982, 984 (2006)).

Here, the Circuit Court instructed the jury on the elements of the offense as follows:

> There are six material elements of the offense the [sic] Arson in the First Degree, each of which the prosecution must prove beyond a reasonable doubt. These six elements are:
>
> One. That on or about January 24th, 2016, in the County of Maui, State of Hawaii, the defendant, Brandon J. Oania, as a principal and/or accomplice, set fire to or caused to be burned property; and two, that the defendant did so intentionally or knowingly; and three, that the defendant knowingly or recklessly damaged the property of another, to wit, Tesoro Gas Express by such conduct; and that the defendant did so without the consent of the other person, to wit, Tesoro Gas Express; and five, that the defendant was aware that damage exceeded $20,000 or consciously disregarded a substantial and unjustifiable risk that the damage exceeded $20,000; and six, that the damage to the property exceeded $20,000.

Oania stipulated at trial that the amount of the damage caused in this incident exceeded the statutory minimum of $20,000. There was also testimony that after Oania set the fire, the flames traveled to the gas dispenser and the dispenser exploded, blowing off a handle. However, there was also testimony that, in putting out the fire, a bystander injected chemicals from a fire extinguisher into one of the nozzles attached to the dispenser. It was later determined that the dispenser was too damaged to repair, and that the damage was caused by the fire and the extinguisher's chemicals.

Thus, one critical issue at trial was whether Oania's conduct caused damage in excess of $20,000.

Proof of causation, as it pertains to the crime of Arson in the First Degree, is governed by HRS §§ 702-215[4] and

---

[4]   HRS § 702-215 provides, in pertinent part,

**Intentional or knowing causation; different result from that intended or contemplated.** In the following instances intentionally or knowingly causing a particular result shall be deemed to be established even though the actual result

(continued...)

702-216[5] (2014).

As the court's charge to the jury did not contain any instruction on the critical issue of causation, the jury was left without guidance regarding whether the evidence was sufficient to establish that Oania caused the damage at issue. See State v. Abella, 145 Hawai'i 541, 556-60, 454 P.3d 482, 497-501 (2019) (holding the failure to instruct on intervening causation was plain error in a manslaughter prosecution). Thus, we cannot say that the instruction's omission was harmless beyond a reasonable doubt. Furthermore, because a jury, properly instructed, could find that Oania did not cause more than $20,000 in damage, instructions on any lesser included offenses supported by the · evidence were also warranted. Therefore, we must vacate the conviction and remand for a new trial. Pond, 118 Hawai'i at 462, 193 P.3d at 378.

---

[4](...continued)
    caused by the defendant may not have been within the
    defendant's intention or contemplation:

        . . . .

    (2)    The actual result involves, the same kind of
           injury or harm as the intended or contemplated
           result and is not too remote or accidental in
           its occurrence or too dependent on another's
           volitional conduct to have a bearing on the
           defendant's liability or on the gravity of the
           defendant's offense.

[5]    HRS § 702-216 provides, in pertinent part,

    **Reckless or negligent causation; different result from that
    within the risk.** In the following instances, recklessly or
    negligently causing a particular result shall be deemed to
    be established even though the actual result caused by the
    defendant may not have been within the risk of which the
    defendant was . . . aware:

        . . . .

    (2)    The actual result involves the same kind of
           injury or harm as the probable result and is not
           too remote or accidental in its occurrence or
           too dependent on another's volitional conduct to
           have a bearing on the defendant's liability or
           on the gravity of the defendant's offense.

4

Given our conclusion on this first issue, we do not reach Oania's other points on appeal.

For the foregoing reasons, we vacate the November 15, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit and remand for further proceedings.

DATED: Honolulu, Hawai'i, February 26, 2020.

On the briefs:

Matthew S. Kohm,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5